Tilghman C. J.
This case depends on the “ Act for erect- “ ing and opening a loan-office for the sum of 50,000/.” passed the 4th April, 1785. By the 17th section, the trustees (whose power was, by a subsequent act of assembly, transferred to the state treasurer,) were authorised, after default in payment by the mortgagor, “ to issue their precepts to the “ sheriff of the county where the mortgaged premises shall “ /ze, commanding him to enter upon the messuages, lands, “ &c. in the deed of mortgage specified, and the same to sell “ on the premises, by public auction or vendue, and convey to “ the highest bidder, after at least thirty days public notice “ given of such sale, by advertising them in the newspapers, “ and by affixing advertisements in some of the most public “places in the county A It appears to me that by the plain meaning of this act, the precept is to be directed to the sheriff of the county in which the land lies at the time of issuing-it, and not to the sheriff of the county where it lay at the dale of the mortgage. Such is the fair construction of the words, and the reason of the thing is agreeable to such construction. It is most convenient, and most analogous to general usage, that sales should be made by the sheriff of the county where the land lies. But there is a particular reason why it should be so in this case. The precept is to be issued without any previous warning- to the mortgagor, so that the only notice which he receives is from the sheriff’s advertisements ; it is the only notice, at least, which the law requires. Now, if these advertisements are affixed in the most public places of another county, the mortgagor may never hear of them till the sheriff enters his lands on the day of sale. In a summary proceeding of this kind, it is essential that the mortgagor should have notice, in order to give him an opportunity of *128 raising tbe money, and preventing the sacrifice of his property. The treasurer, who stands, in the place of the trustees, acts under a special authority, and must pursue the law, or his proceedings are void.
In this case he has departed from the law. His precept was therefore a nullity, and being so, the Court of Common Pleas was right in refusing to let it be read in evidence. My opinion is, that the judgment should be affirmed.
Yeates J. concurred.